IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM L. HARDING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIV-21-515-JD |
| v. | ) | |
| | ) | |
| WATCH TOWER BIBLE & TRACT | ) | |
| SOCIETY OF NEW YORK, INC., et. al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, initiated this civil action on May

18, 2021. Doc. No. 1. The matter has been referred to the undersigned Magistrate

Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Having

reviewed the sufficiency of the Complaint, the undersigned recommends

Plaintiff's action be dismissed.[1]

---

[1] Plaintiff filed two Applications for Leave to Proceed *In Forma Pauperis*. Doc. Nos. 2, 7. "[B]ecause Mr. Harding is attempting to proceed *in forma pauperis*, [] the Court may properly screen the Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)." Order at 1 n.1, *Harding v. Watch Tower Bible & Tract Soc'y of New York, Inc.*, Case No. CIV-20-254-JD (W.D. Okla. May 18, 2020), Doc. No. 8. Additionally, as explained herein, the majority of Plaintiff's claims should be dismissed based on this Court's lack of subject matter jurisdiction. "[T]he Court has an independent obligation to determine whether subject matter jurisdiction exists, and the Court's inquiry may be raised 'at any stage in the litigation.'" *Id.* (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006)).

I. <u>Background</u>

In his Complaint and attached documentation, Plaintiff sets forth credible allegations that he was molested as a minor by Samuel Portis and Frank Lee, each of whom were leaders of the Christian Congregation of Jehovah's Witnesses, Inc., located in Muskogee, Oklahoma, and Plaintiff's family were also members. He also alleges that he previously informed various entities within the Jehovah's Witnesses organization of these incidents – to no avail.

Based on these allegations, Plaintiff purports to assert claims under various federal statutes against the named Defendants, as well as state law causes of action. The named Defendants are Watch Tower Bible & Tract Society of New York, Inc., Christian Congregation of Jehovah's Witnesses, Inc. located in Patterson, New York, Christian Congregation of Jehovah's Witnesses located in Muskogee, Oklahoma, Christian Congregation of Jehovah's Witnesses located in Oklahoma City, Oklahoma, Frank Lee, Samuel Portis, and John Does, consisting of "dozens of unnamed elders" who knew about and did not report the abuse Plaintiff suffered. Doc. No. 1 at 3; Doc. No. 1-1 at 1. Plaintiff seeks monetary damages. Doc. No. 1 at 5-6.

II.  <u>Screening of Prisoner Complaints</u>

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. In conducting this review, the reviewing court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Although a *pro se* litigant's pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989).

III.  <u>Federal Claims</u>

"Federal courts are courts of limited jurisdiction; they must have a statutory

basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331. In the present case, Plaintiff contends this Court has federal-question jurisdiction over his claims. Doc. No. 1 at 4.

Federal-question jurisdiction exists for all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Morris*, 39 F.3d at 1111 (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)).

The "vast majority" of federal-question jurisdiction cases involve a federal statute that provides a private cause of action. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). Federal-question jurisdiction also exists, however, where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd.*, 463 U.S. at 13; *see, e.g., Smith v. Kansas City Title & Trust Co.*, 255 U.S.

4

180 (1921). However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813. In considering whether a substantial federal question exists, a court must exercise "prudence and restraint." *Id.* at 810. "A court examining whether a case turns on a [substantial] question of federal law should focus on whether Congress evidenced an intent to provide a federal forum." *Morris*, 39 F.3d at 1111.

Thus, to find jurisdiction under 28 U.S.C. § 1331, two conditions must be satisfied. First, a question of federal law must appear on the face of the plaintiff's well-pleaded complaint. *Rice v. Off. of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001). Second, the plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, "its resolution must necessarily turn on a substantial question of federal law." *Id.* (citing *Merrell Dow*, 478 U.S. at 808). To determine whether Congress intended to provide federal-question jurisdiction, the surest indicator is whether the federal statute under consideration created a private right of action. *Rice*, 260 F.3d at 1246. In the absence of a federal private right of action, "it would flout congressional intent to provide a private federal remedy for the violation of the federal statute . . . [and] it would similarly flout, or at least undermine,

5

congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 812.

    A.    <u>Plaintiff's Claims Under 18 U.S.C. §§ 3, 1153, 3283, 3299 & 34 U.S.C. § 20341</u>

In the present case, Plaintiff asserts this Court has federal question jurisdiction and relies on multiple federal statutes in support of this assertion. Doc. No. 1 at 4. Specifically, Plaintiff cites to 18 U.S.C. §§ 3, 1153, 2255, 3283, 3299 and 34 U.S.C. § 20341. *Id.* Examining each of these statutes, however, reveals the majority of them do not provide a private cause of action.

Most of the statutes upon which Plaintiff relies do not provide a private cause of action but are instead, the basis for federal criminal charges. 18 U.S.C. § 3 states, "Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact." 18 U.S.C. § 1153 provides for federal jurisdiction of criminal proceedings arising from offenses committed by an Indian who commits a crime against another "within the Indian country." 18 U.S.C. § 3283 provides that the statute of limitations with regard to the bringing of federal criminal charges based on "an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years" runs for "the life of the child, or for ten years after the offense,

whichever is longer." Similarly, 18 U.S.C. § 3299 provides that no statute of limitations applies to the bringing of an indictment under certain federal criminal offenses involving transportation of a minor for sexual purposes. *See also Miller v. United State*s, No. 2:16-cr-00165-DBH-1, 2021 WL 311860, at *1 (D. Maine Jan. 29, 2021) (discussing these statutes in the context of the evolution the statute of limitations for sexually related federal criminal offenses against minors). Finally, 34 U.S.C. § 20341 mandates that persons involved in certain professions who learn of or suspect child abuse must report the same to certain agencies.

Each of these statutes are federal criminal statutes and do not create a private cause of action. *McDonald v. Esposito*, No. 20-CV-828 (RPK) (RML), 2021 WL 1062259, at *5 (E.D.N.Y. March 18, 2021) (dismissing the plaintiff's attempt to bring a civil claim under 18 U.S.C. § 3 because it does not provide a private cause of action); *McIntyre on behalf of S.B.M. v. Brown*, No. 1:18 CV 1893, 2019 WL 524071, at *4 (N.D. Ohio Feb. 11, 2019) (explaining 18 U.S.C. § 3283 is a "criminal statute[], and a private citizen 'has no authority to initiate a federal criminal prosecution [against] defendants for their alleged unlawful acts.'") (citing *Hao Liu v. City of Allen*, No. 4:17-CV-00874-ALM-CAN, 2018 WL 2144363, at *4 (E.D. Tex. Mar. 12, 2018) (holding the plaintiff is not entitled to relief under § 3283 because it is a criminal tolling statute and does not create a

private cause of action), *report and recommendation adopted*, No. 4:17-CV-874, 2018 WL 2129451 (E.D. Tex. May 9, 2018)); *Harnden v. St. Clair Cty.*, No. 18-1402/1404, 2018 WL 8018118, at *2 (6th Cir. Oct. 25, 2018) (affirming dismissal of the plaintiff's 18 U.S.C. § 3299 claim because contrary to the plaintiff's assertions, it "is a criminal statute and does not create a private cause of action"); *Graham v. Rawley*, No. 14-6743, 2016 WL 7477756, at *4 n.3 (D.N.J. Dec. 29, 2016) (granting motion to dismiss the plaintiff's claim under 42 U.S.C. § 13031, currently 34 U.S.C. § 20341, because it is a criminal statute that does not provide a private cause of action)[2]; *Lee v. Cleve Her Many Horses*, No. CIV. 13–5019–JLV, 2014 WL 1331007, at *8 (D.S.D. March 30, 2014) (dismissing the plaintiff's § 1153 claim, explaining, "The Major Crimes Act, 18 U.S.C. § 1153 . . . is a

---

[2] Additionally, the professionals required to report child abuse pursuant to 34 U.S.C. § 20341 are "[p]hysicians, dentists, medical residents or interns, hospital personnel and administrators, nurses, health care practitioners, chiropractors, osteopaths, pharmacists, optometrists, podiatrists, emergency medical technicians, ambulance drivers, undertakers, coroners, medical examiners, alcohol or drug treatment personnel, and persons performing a healing role or practicing the healing arts," "[p]sychologists, psychiatrists, and mental health professionals," "[s]ocial workers, licensed or unlicensed marriage, family, and individual counselors," "[t]eachers, teacher's aides or assistants, school counselors and guidance personnel, school officials, and school administrators," "[c]hild care workers and administrators," "[l]aw enforcement personnel, probation officers, criminal prosecutors, and juvenile rehabilitation or detention facility employees," "[f]oster parents," and "[c]ommercial film and photo processors." 34 U.S.C. § 20341(b). It is unlikely this statute would apply to Plaintiff's claims as he has not indicated the persons to whom he reported the abuse and/or who may have known about the same were involved in the noted professions.

criminal statute granting federal district courts jurisdiction over certain crimes committed on Indian reservations." (citing *Keeble v. United States*, 412 U.S. 205, 215 (1973)).

"'Because a private citizen lacks a judicially cognizable interest in the criminal prosecution of another, *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973), a civil plaintiff has no standing to assert a claim arising under a criminal statute.' *Miles v. Bottom*, No. 5: 15-CV-126-JMH, 2016 WL 2344222, at *4 (E.D. Ky. May 3, 2016) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979))." *McIntyre*, 2019 WL 524071, at *4. Accordingly, Plaintiff's claims under each of these statutes should be dismissed based on a lack of subject matter jurisdiction.

B.    Plaintiff's Claim Under 18 U.S.C. § 2255

Plaintiff also asserts a claim pursuant to 18 U.S.C. § 2255. This statute provides:

> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The court may also award punitive damages and such other preliminary and equitable relief as the court determines to be appropriate.

18 U.S.C. § 2255(a). The statute further provides that the statute of limitations to bring such a claim is 10 years from the "date on which the plaintiff reasonably discovers the later of – (A) the violation that forms the basis for the claim; or (B) the injury that forms the basis for the claim; or (2) not later than 10 years after the date on which the victim reaches 18 years of age." 18 U.S.C. § 2255(b)(1), (2).

Presuming without deciding that Plaintiff's factual allegations implicate § 2255(a), it is clear Plaintiff's claims under this statute are untimely. According to the Oklahoma Department of Corrections online database, Plaintiff's birthdate is April 28, 1966. *See* Offender Lookup, Oklahoma Dep't of Corr., https://okoffender.doc.ok.gov/ (last visited August 11, 2021). Thus, Plaintiff cannot rely on 18 U.S.C. § 2255(b)(2) to establish timeliness.

Moreover, based on the allegations contained within Plaintiff's Complaint, it is equally clear his claims are also untimely under § 2255(b)(1). Plaintiff states that he reported his allegations of sexual abuse to at least one of the Defendants in approximately 1996 or 1997. Doc. No. 1-2 at 4. Specifically, Plaintiff explains,

> These acts of molestation were reported to the Christian Congregation of Jehovah[']s Witnesses of Oklahoma City "Central Congregation" after petitioner became actually aware of the wrongs done to him as a child. It was in 1996, there or about when examined by Dr. John – Smith, retained by "federal court" Public Defender William P. Early that petitioner became aware & understood the harm - done. It was in 1997 or so when petitioner reported it to the Central Congregation of Oklahoma City. The Central Congregation

and all others failed to report said abuse.

Doc. No. 1-2 at 4. Thus, presuming without deciding that Plaintiff discovered in 1996 or 1997 the harm done to him, far more than 10 years has passed since that time period. Accordingly, Plaintiff's claims are also untimely under 18 U.S.C. § 2255(b)(1) and should be dismissed.

IV. State Law Claims

Plaintiff also asserts several claims under state law, including sexual assault and battery, negligent supervision, negligent hiring and retention, negligent failure to warn, negligence, intentional infliction of emotional distress, accessory after the fact, and failure to report child abuse. Doc. No. 1-3 at 1. Because Plaintiff has not asserted a viable federal claim herein and has not established any basis for jurisdiction for these claims other than supplemental jurisdiction, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. 28 U.S.C. § 1367(c)(3); *cf., Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

RECOMMENDATION

Based on the foregoing findings, it is recommended Plaintiff's action be

dismissed. Specifically, Plaintiff's claims under 18 U.S.C. §§ 3, 1153, 3283, 3299 and 34 U.S.C. § 20341 should be dismissed with prejudice based on this Court's lack of subject matter jurisdiction. Additionally, Plaintiff's claim under 18 U.S.C. § 2255 should be dismissed without prejudice as untimely. The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss the same without prejudice. Finally, in light of the recommendations herein, Plaintiff's Applications for Leave to Proceed *In Forma Pauperis* (Doc. Nos. 2, 7) should be denied as moot.

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by ___ September 1st ___, 2021, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

Dated this  12th  day of  August , 2021.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE