IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

WILLIAM L. HARDING,           )
                              )
              Plaintiff,      )
                              )
v.                            )        Case No. CIV-21-00515-JD
                              )
WATCH TOWER BIBLE & TRACT     )
SOCIETY OF NEW YORK, INC., et al.,)
                              )
              Defendants.     )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation filed by United States

Magistrate Judge Gary M. Purcell. [Doc. No. 15]. Plaintiff William L. Harding has

objected. [Doc. No. 17]. Upon its de novo review of the objected-to portions of the

Report and Recommendation consistent with 28 U.S.C. § 636(b)(1), the Court adopts the

Report and Recommendation as modified in this Order and dismisses this action without

prejudice.

## I.   Background

Mr. Harding, a 55-year-old man,[1] filed this civil action over sexual abuse he

---

[1] The Court may take judicial notice of court dockets, court records, and public records. *See Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1107 n.18 (10th Cir. 2007) (citing Fed. R. Evid. 201; *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979)); *see also Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1213 (10th Cir. 2012) ("The contents of an administrative agency's publicly available files . . . traditionally qualify for judicial notice . . . ."). Taking judicial notice of the public records of the Oklahoma Department of Corrections ("ODOC"), Mr. Harding, born in 1966, is serving a life sentence for his conviction entered in Oklahoma County District Court, Case No. CF-2012-5233. *See* https://okoffender.doc.ok.gov/ (offender lookup for William L. Harding last accessed

alleges he suffered as a child at the hands of the defendants. [*See* Doc. No. 1]. This action, filed on May 18, 2021, follows a prior action with the same allegations that this Court dismissed for failure to state a federal claim under 42 U.S.C. § 1983 and for lack of subject-matter jurisdiction over Mr. Harding's state-law claims.[2]

In this action, Mr. Harding sought leave to proceed without prepayment of fees and costs under 28 U.S.C. § 1915. [Doc. Nos. 2, 7]. He also moved for appointment of counsel. [Doc. No. 10]. The Court referred the matter to United States Magistrate Judge Gary M. Purcell for preliminary review and initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and (C). [*See* Doc. Nos. 5, 14].

Judge Purcell screened Mr. Harding's Complaint [Doc. No. 1] under 28 U.S.C. § 1915(e)(2)(B)(ii) and the Court's duty to determine whether subject-matter jurisdiction exists. [Doc. No. 15]. Construing Mr. Harding's pro se pleadings liberally, Judge Purcell recommended that Mr. Harding's action be dismissed, and that his motions for leave to proceed in forma pauperis be denied as moot. Judge Purcell advised Mr. Harding of his right to file an objection to the Report and Recommendation.

Mr. Harding objected. [Doc. No. 17].[3] Following his objection, Mr. Harding filed a motion for judgment as to the Report and Recommendation seeking to have it set aside

---

Feb. 4, 2022). *See also Triplet v. Franklin*, 365 F. App'x 86, 92 n.8 (10th Cir. 2010) (unpublished) (performing an offender search on the ODOC website and taking judicial notice under Federal Rule of Evidence 201).

[2] *See Harding v. Watch Tower Bible & Tract Society of New York, Inc., et al.*, Case No. 20-cv-00254-JD, Order and Judgment dated May 18, 2020.

[3] The objection indicates it was mailed on September 1, 2021. [Doc. No. 17-3].

and paid the filing fee in full. [Doc. Nos. 18, 20].

## II.   <u>Legal Standards</u>

Section 1915(e)(2)(B)(ii) states that "notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." (cleaned up). "'Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)). To determine whether dismissal is proper, the Court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id*. (citation omitted).

Additionally, courts "have an independent obligation to determine whether subject-matter jurisdiction exists . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Subject-matter jurisdiction determines a federal court's power to hear a case before it, and it "can never be forfeited or waived." *Id.* (citation omitted). A court's inquiry into its subject-matter jurisdiction may be raised on the Court's own initiative "at any stage in the litigation." *Id.* at 506.

Finally, a pro se litigant's complaint is given more leeway than one drafted by counsel. *See Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996) (liberal construction of pro se litigant's complaint). Even though this Court must construe Mr. Harding's pleadings liberally, it "should not assume the role of advocate . . . ."

*Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). Some allowance is made for certain deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories, but "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The Court also cannot "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## III.  <u>Analysis</u>

The Complaint and its attachments sadly recount Mr. Harding's allegations of child molestation by members of his church. [*See, e.g.*, Doc. No. 1-3 at 2, 5; Doc. No. 1-4]. Now an adult, Mr. Harding alleges he was sexually abused by two of the defendants as a minor child. [*See* Doc. No. 1-1 at 2; Doc. No. 1-3 at 1]. Mr. Harding alleges various claims and seeks monetary damages due to the alleged abuse. [Doc. No. 1 at 5–6]. The Complaint asserts that the Court has federal-question jurisdiction. [*Id*. at 4; Doc. No. 1-6]. Mr. Harding lists numerous federal statutes as the basis for the Court's subject-matter jurisdiction. [Doc. No. 1 at 4 (citing 18 U.S.C. §§ 3, 1153, 2255, 3283, 3299; 34 U.S.C. § 20341)].

In the Report and Recommendation, Judge Purcell thoroughly analyzes each of the federal statutes and recommends that the Court dismiss any claims Mr. Harding purports to be making under 18 U.S.C. §§ 3, 1153, 3283, 3299 and 34 U.S.C. § 20341 for lack of

subject-matter jurisdiction. [*See* Doc. No. 15 at 3–9]. Judge Purcell explains that Mr. Harding lacks standing as a private citizen to enforce these particular federal criminal statutes. [Doc. No. 15 at 6–9].

Mr. Harding does not object to the proposed findings and recommendation that these statutes do not provide a private right of action and he lacks standing to bring claims for violations of 18 U.S.C. §§ 3, 1153, 3283, 3299 and 34 U.S.C. § 20341. *See* 28 U.S.C. § 636(b)(1). The Court therefore accepts this conclusion without extensive further analysis.[4] *See, e.g.*, *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (explaining that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *King v. Keller*, 211 F. App'x 764, 765–66 (10th Cir. 2007) (unpublished) (affirming district court dismissal that plaintiff "did not have standing as a private citizen to enforce federal criminal statutes and the court therefore had no jurisdiction over those counts based on federal criminal statutes"). According to the Tenth Circuit, standing may be "characterized . . . as an element of subject matter jurisdiction." *Hill v. Vanderbilt Cap. Advisors, LLC*, 702 F.3d 1220, 1224 (10th Cir. 2012) (citations omitted). Thus, dismissal of any claims Mr. Harding purports to make under these statutes should be without prejudice. *See Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan*

---

[4] Consequently, it is not necessary for the Court to reach Mr. Harding's objection to Judge Purcell's additional notation regarding the inapplicability of 34 U.S.C. § 20341. [*See* Doc. No. 15 at 8 n.2 (explaining that "[i]t is unlikely this statute would apply to Plaintiff's claims as he has not indicated the persons to whom he reported the abuse and/or who may have known about the same were involved in the noted professions"); Doc. No. 17 at 1–2 (objecting that "those to whom the abuse was reported to were Elders of the Christian Congregation" and arguing that they "act as counselors in the fields of marriage, family and individual counselors, teachers, teacher's aides or assistance as under the statute")].

*Cnty., Okla. v. City of Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011) ("[A] dismissal

. . . for lack of standing must be without prejudice.") (citations omitted); *Brereton v.

Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("Since standing is a

jurisdictional mandate, a dismissal with prejudice for lack of standing is inappropriate,

and should be corrected to a dismissal without prejudice.").

The Court agrees with the Report and Recommendation that to the extent Mr.

Harding is attempting to make a claim under 18 U.S.C. § 2255,[5] it should be dismissed as

untimely. Section 2255 contains a statute of limitations barring action under the statute

unless the complaint is filed not later than 10 years after the date on which the plaintiff

reasonably discovers the later of the violation or the injury, or not later than 10 years after

the victim reaches 18 years of age. 18 U.S.C. § 2255(b). Judge Purcell reasoned that Mr.

Harding's purported § 2255 claim is untimely because Mr. Harding is older than 28, and

in 1996 or 1997 he alleges he first became aware of and understood the sexual abuse and

its harm [Doc. No. 1-2 at 4], meaning he had until 10 years after that time (or 2006 or

2007) to assert claims under 18 U.S.C. § 2255. [Doc. No. 15 at 10–11].

---

[5] Judge Purcell presumed without deciding that Mr. Harding was attempting to make this claim. [Doc. No. 15 at 10]. Mr. Harding does not object to this characterization and the Court therefore adopts it and proceeds to analyze the timeliness of the presumed claim. However, the Court notes that, regardless of the limitations issue discussed in this Order, it is not clear that the factual allegations implicate this statute, as Mr. Harding does not allege that any of the predicate statutes in 18 U.S.C. § 2255(a) were violated and the facts alleged do not appear to meet the elements of statutes requiring interstate or foreign commerce or federal components. *See* [Doc. No. 1-3 at 1, 2, 5 (alleging the molestation and abuse occurred in Muskogee, Oklahoma)].

Mr. Harding acknowledges in his objection that he "fully discovered the violation that forms the basis for the claim in 1995–1996" and that he "reported the abuse in or about 1997–1998, which is well within the limitations." [Doc. No. 17 at 3; *see also* Doc. No. 1-2 at 4]. However, reporting abuse in 1997 or 1998 does not mean that his complaint in this action was timely under the plain language of the statute; Mr. Harding would need to have filed his complaint timely, not simply reported the abuse. *See* 18 U.S.C. § 2255(b) ("Any action commenced under this section shall be barred unless the complaint ***is filed***" within the statutory timelines.) (emphasis added).

Mr. Harding has not cited any precedent for estoppel or other tolling of the statutory limitations period in § 2255(b) that he advocates for in his objection. He also has not alleged facts that he actively pursued his claims. The letter he points to in his Complaint as notifying defendants of the abuse and requiring tolling is dated February 11, 2015 [*see* Doc. Nos. 1-4, 1-5], which would have been long after the expiration of the limitations period. Accordingly, the Court overrules his objection and concludes that any claim Mr. Harding is seeking to allege under 18 U.S.C. § 2255 is untimely.[6]

Finally, the Court agrees with the Report and Recommendation that because the Court no longer has original jurisdiction over any federal claims, it should not exercise

---

[6] The Court recognizes that untimeliness may operate as a dismissal with prejudice in certain circumstances. *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("This court has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired."). Because it is unclear whether Mr. Harding may even assert a claim under 18 U.S.C. § 2255 based on the nature of that claim and his allegations (*see supra* n.5), the Court adopts the conclusion as found by Judge Purcell and will dismiss this purported claim without prejudice. [Doc. No. 15 at 12].

jurisdiction over Mr. Harding's state-law claims and should dismiss those claims without prejudice.[7] 28 U.S.C. § 1367(c)(3); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").[8]

## IV.   Conclusion

The Court has carefully and thoroughly reviewed Mr. Harding's Complaint and exhibits, the Report and Recommendation, Mr. Harding's objection and exhibits, and his motion for judgment. The Court has considered this matter in accordance with 28 U.S.C. § 636(b)(1). While the Court is sympathetic to Mr. Harding and the allegations in his Complaint, the Court is bound to follow the law. And the law applicable in this case requires dismissal of this action.

---

[7] Mr. Harding raises for the first time in his objection that diversity jurisdiction exists, and the Court should therefore entertain the state-law claims. [Doc. No. 17 at 5]. Diversity jurisdiction was not raised in his complaint as a basis for subject-matter jurisdiction. [*See* Doc. No. 1 at 4 (indicating federal question as the basis for jurisdiction)]. Regardless, the complaint does not show complete diversity between plaintiff and defendants and thus diversity would not be a proper basis for subject-matter jurisdiction. [*See* Doc. No. 1 at 1, 3; Doc. No. 1-1 at 1].

[8] The Court notes that Mr. Harding's state-law claims, at least those against the institutional defendants, have already been dismissed in state court, which was affirmed on appeal. *See* Cleveland County Case No. CJ-2020-529 and Oklahoma Supreme Court Case No. 119149. Thus, even if the Court were to exercise supplemental jurisdiction, it would almost certainly then either abstain from exercising jurisdiction over Mr. Harding's state-law claims against the institutional defendants under the *Rooker-Feldman* doctrine to the extent he is seeking to alter the state court's judgment or apply the law of preclusion to the extent he is realleging claims adjudicated earlier in state court.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 15] as modified herein and DISMISSES this action without prejudice. The Court further ORDERS that any pending motions are denied as moot.

IT IS SO ORDERED this 4th day of February 2022.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE